IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL NO. 1:10CV99 |
| | § | |
| $203,560.00 IN UNITED STATES | § | |
| CURRENCY | § | |
| Defendant. | § | |

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

In accordance with Fed. R. Civ. P. Supplemental Rule G(2), the United States of

America, plaintiff, brings this complaint and alleges as follows:

Nature of the Action

1.      This is an action to forfeit property to the United States pursuant to 18

U.S.C. § 981(a)(1)(A) and 31 U.S.C. § 5317(c).

Defendant In Rem

2.      The defendant property is $203,560.00 in United States currency

(Defendant Property).

Jurisdiction and Venue

3.      The Court has subject matter jurisdiction over an action commenced by the

United States pursuant to 28 U.S.C. § 1345, and over an action for forfeiture pursuant to

28 U.S.C. § 1355(a).  The Court also has jurisdiction over this particular action under 18

U.S.C. § 981(a)(1)(A) and 31 U.S.C. § 5317(c).

**Complaint - Page 1**

4.      The Court has <u>in rem</u> jurisdiction over the Defendant Property and venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

<u>Basis for Forfeiture</u>

5.      The Defendant Property is subject to forfeiture pursuant to the following statues:

a.      18 U.S.C. § 981(a)(1)(A), because it constitutes property involved in a transaction or an attempted transaction in violation of 18 U.S.C. §§ 1956, 1957 and 1960 or is property traceable to such property; and

b.      31 U.S.C. § 5317(c), because it constitutes property involved in a violation of section 5313, 5316 or 5324, or any conspiracy to commit any such violation, and any property traceable to any such violation or conspiracy, may be seized in accordance with the procedures governing civil forfeitures in money laundering cases pursuant to 18 U.S.C. § 981(a)(1)(A).

<u>Facts</u>

6.      Between May 1, 2006 and June 28, 2006, Wael Darwish deposited $203,560.00 in United States currency into multiple bank accounts in Jefferson County, Texas.  The deposits were broken into 21 deposits, most just under the $10,000.00 reporting requirements.  Most were made just days apart and some on the same day.

Claimant has admitted that the payments were structured in this manner to avoid

**Complaint - Page 2**

Federal reporting requirements, which is a violation of 31 U.S.C. § 5324(a).

Potential Claimant

7.      Wael Darwish, 4122 Blackberry Lane, Port Arthur, Texas  77642.  His interest is

being represented by attorney Douglas Barlow, 485 Milam, Beaumont, Texas  77701.

Claim for Relief

8.      The United States respectfully requests that the Court forfeit the defendant

Property to the United States, award costs and disbursements in this action to the United

States, and order any other relief that the Court deems appropriate.

Respectfully submitted,

JOHN M. BALES
UNITED STATES ATTORNEY


 /s/
MICHAEL W. LOCKHART
Assistant United States Attorney
Eastern District of Texas
Texas Bar No. 12472200
350 Magnolia Avenue, Suite 150
Beaumont, Texas  77701-2237
(409) 839-2538
(409) 839-2643 (fax)
michael.lockhart@usdoj.gov

**Complaint - Page 3**

## VERIFICATION PURSUANT TO 28 U.S.C. § 1746

I, Henry B. Crawley, hereby state that:

1.    I am a Senior Special Agent with the Immigrations and Customs Enforcement.

2.    I have read this Complaint, and the information contained herein is true and correct to the best of my knowledge.

3.    The information contained in this Complaint comes from the official files and records of the United States, statements from other law enforcement officers, and my investigation of this case.

I state and verify under penalty of perjury that the foregoing is true and correct.

Henry B. Crawley
Senior Special Agent
Immigrations and Customs Enforcement

Dated: February 18, 2010.

Complaint - Page 4